# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN BAMAT, | No. 4:18-CV-01898 |
| Plaintiff, | (Judge Brann) |
| v. | |
| GLENN O. HAWBAKER, INC., | |
| Defendant. | |

## MEMORANDUM OPINION

### MARCH 12, 2019

Defendant Glenn O. Hawbaker, Inc. ("Hawbaker") has moved for partial judgment on the pleadings. For the following reasons, that motion will be granted.

## I. BACKGROUND[1]

Jonathan Bamat was employed by Hawbaker as a laborer. While working at a construction site, he was bitten by an insect and developed a welt. Mr. Bamat explains that he did not wish to report the insect bite because of Hawbaker's alleged reputation for treating poorly employees who report injuries. Mr. Bamat states that when he ultimately reported the injury, he was forced to disclose in the presence of his supervisor that he suffers from bipolar disorder and Lyme disease. Mr. Bamat states that he was subsequently required to complete an incident report regarding the insect bite and was instructed to take the next day off.

---

[1] Unless otherwise noted, the relevant facts are derived from Mr. Bamat's complaint, ECF No. 1-1.

A few days later, Mr. Bamat returned to work. During his shift, he urinated in front of other workers. Mr. Bamat was disciplined, and subsequently terminated.

Mr. Bamat filed a four-count complaint in the Court of Common Pleas of Centre County, Pennsylvania, alleging wrongful discharge, invasion of privacy, discrimination in violation of § 504 of the Rehabilitation Act, and retaliation in violation of § 504 of the Rehabilitation Act.[2] Hawbaker removed the action to this Court and answered Mr. Bamat's complaint.[3] Mr. Bamat amended his complaint, adding one claim of retaliation and one claim of discrimination under the Americans with Disabilities Act ("ADA").[4] Hawbaker answered,[5] and presently moves for partial judgment on the pleadings.[6]

In his brief opposing Hawbaker's motion for partial judgment on the pleadings,[7] Mr. Bamat consents to dismissal of his ADA retaliation claim (Count II

---

[2] Complaint (ECF No. 1-1).

[3] Notice of Removal (ECF No. 1); Answer (ECF No. 6); First Amended Answer (ECF No. 8).

[4] Amended Complaint (ECF No. 13). In his amended complaint, Mr. Bamat incorporated by reference his original complaint, *id.* at ¶ 1. But "[i]t is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original." *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982); *see also Zrodskey v. Head Classification Officer*, Civ. A. No. 3:11-cv-00283, 2011 WL 5881813, *2 (D.N.J. Nov. 23, 2011) (citing *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002)) ("As a general matter, once an amended complaint is filed, that document replaces all prior complaints."). Because Mr. Bamat's only surviving claim appears in the amended complaint, his failure to comply with federal pleading standards is moot.

[5] Answer to Amended Complaint (ECF No. 15).

[6] Motion for Judgment on the Pleadings (ECF No. 17).

[7] As Hawbaker points out, Mr. Bamat filed his brief in opposition in violation of Local Rule 7.6—several days after the filing deadline expired and without leave of court authorizing

of his amended complaint) and his Rehabilitation Act retaliation claim (Count IV of his original complaint).[8] Thus, pending before this Court is whether to grant judgment on the pleadings as to Mr. Bamat's wrongful discharge claim (Count I of his original complaint), invasion of privacy claim (Count II of his original complaint), and Rehabilitation Act discrimination claim (Count III of his original complaint). Hawbaker does not seek judgment on the pleadings as to Mr. Bamat's discrimination claim under the ADA (Count I of his amended complaint).[9]

## II. DISCUSSION

### A. Standard of Review

When considering a motion for judgment on the pleadings,[10] a court draws all inferences from facts presented in the pleadings in favor of the nonmoving party.[11] Judgment will only be granted "if the movant clearly establishes that no material issue of fact remains to be resolved and that [the movant] is entitled to judgment as a matter of law."[12]

---

such a delay. Although Local Rule 7.6 authorizes this Court to deem Hawbaker's motion unopposed, the Court will nevertheless satisfy itself that Hawbaker's motion should receive judgment on the pleadings based on its merits. But as this case proceeds, both parties should note that any subsequent document filed by *either* party not in compliance with Local Rule 7.6 or any of the Local Rules will be stricken from the record.

[8] Brief in Opposition (ECF No. 19) at 4.

[9] Brief in Support (ECF No. 18) at 2.

[10] Federal Rule of Civil Procedure 12(c).

[11] *Jablonski v. Pan Am. World Airways, Inc.,* 863 F.2d 289, 290–91 (3d Cir. 1988).

[12] *Id.*

### B. Mr. Bamat's Wrongful Discharge Claim Fails.

To state a claim for wrongful discharge or termination under a theory of workers' compensation retaliation, Mr. Bamat must show, *inter alia*, that he engaged in protected activity.[13] Engaging in protected activity requires Mr. Bamat to demonstrate that he: (1) reported the work-related injury; and (2) expressed to Hawbaker the intent to file a petition for workers' compensation benefits.[14] Here, neither Mr. Bamat's complaint nor his amended complaint allege any facts allowing a jury to infer that Mr. Bamat expressed a specific intent to seek workers' compensation benefits. Simply reporting the work related injury is not enough.[15] Accordingly, because Mr. Bamat has failed to allege that he engaged in protected activity, judgment is entered in Hawbaker's favor on Count I of the original complaint.

### C. Mr. Bamat's Invasion of Privacy Claim Fails.

To state a claim for intrusion upon seclusion, Mr. Bamat must show, *inter alia*, that the intrusion upon his privacy was intentional.[16] The United States Court

---

[13] *See Runion v. Equip. Transp. Corp.*, No. 1:15-cv-2159, 2017 WL 3839917, at *4 (M.D. Pa. Sept. 1, 2017) (setting forth three elements of workers' compensation retaliation claim).

[14] *Id.*

[15] *See Smith v. R.R. Donnelley and Sons Co.*, No. 10-1417, 2011 WL 4346340, at *6 (E.D.Pa. Sept. 16, 2011) ("To be clear, the Court reiterates that it is not merely the employer's awareness of the work-related injury that evidences the plaintiff engaged in protected activity. Rather, it is the reporting of the work-related injury in conjunction with the employee's expression of intent to file a workers compensation claim that is enough to trigger the protection afforded by the Act.").

[16] *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 260 (3d Cir. 2004) (citing *Harris v. Easton Pub. Co.*, 483 A.2d 1377, 1383 (Pa. Super. Ct. 1984)).

of Appeals for the Third Circuit has explained "that an actor commits an intentional intrusion only if he believes, or is substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act. We emphasize that the intrusion, as well as the action, must be intentional."[17]

Here, Mr. Bamat alleges that his supervisor "overheard [Mr. Bamat's] private medical information because he required [Mr. Bamat] to speak to the workers' compensation triage nurse, in the supervisor's presence, using the supervisor's cell phone."[18] But Mr. Bamat alleges no facts in either his complaint or amended complaint allowing a jury to infer that the supervisor believed that he lacked the legal or personal permission to commit the allegedly intrusive act—that is, that the supervisor, by sitting in the truck with Mr. Bamat as he spoke with the workers' compensation triage nurse on the phone, believed that he lacked the legal or personal permission to hear Mr. Bamat's end of a telephone conversation with the workers' compensation triage nurse.[19] Accordingly, because Mr. Bamat has

---

[17] *See O'Donnell v. U.S.,* 891 F.2d 1079, 1083 (3d Cir. 1989) (finding that the Veterans Administration (VA) did not invade a former patient's right to privacy under intrusion upon seclusion theory when it released psychiatric treatment summary to patient's employer without authorization, where the VA believed that it had permission to release the disputed record).

[18] Brief in Opposition (ECF No. 19) at 11-12.

[19] *See Ruder v. Pequea Valley School Dist.*, 790 F.Supp.2d 377, 404-05 (E.D.Pa. 2011) (dismissing intrusion upon seclusion claim when plaintiff did not allege facts that defendant believed or was substantially certain "that he lack[ed] the necessary legal or personal permission"); *accord Yates v. Commercial Index Bureau, Inc.* 861 F.Supp.2d 546, 552 (E.D.Pa. 2012) (finding requisite intentionality where defendant allegedly conducted investigation into plaintiff's hospital records and defendant knew it did not have consent to obtain those records); *Ruddy v. United States*, No. 3:11–CV–1100, 2011 WL 5834953, at *5 (M.D.Pa. Nov. 21, 2011) (concluding that when plaintiff telephoned wife and defendants

failed to allege the requisite intentionality, judgment is entered in Hawbaker's favor on Count II of the original complaint.

### D. Mr. Bamat's Discrimination Claim Under the Rehabilitation Act Fails.

The Rehabilitation Act is a federal anti-discrimination statute that Congress fashioned to regulate only certain public entities and recipients of federal funds.[20] To apply the Act to a private corporation and accordingly state a claim for discrimination under § 504, Mr. Bamat must show, *inter alia*, that Hawbaker is, within the meaning of § 504, (1) a "program or activity" that (2) receives "federal financial assistance."[21]

First, nothing in Mr. Bamat's complaint or amended complaint alleges any factual matter establishing that the "program or activity" that allegedly discriminated against Mr. Bamat is covered by § 504. Section 504's "program or activity" requirement extends to corporations if the corporation "is principally engaged in the business of providing education, health care, housing social services, or parks and recreation"[22] or "if assistance is extended to such corporation

---

"stood by and listened to [the plaintiff's] private conversation with his wife which contained personal information about his health," such conduct was "not intentional because the plaintiff's "phone call appears to have been voluntarily conducted in [defendant's] presence").

[20] *Dana v. Baker Hughes, Inc.*, 4:14–cv–01861, 2015 WL 5576880, at *8-9 (M.D.Pa. Sept. 21, 2015).

[21] *Strathie v. Dep't of Transp.*,716 F.2d 227, 230 (3d Cir. 1983).

[22] 29 U.S.C. § 794(b)(3)(A)(ii).

. . . as a whole."²³ Mr. Bamat does not allege that Hawbaker "is principally engaged" in any one of the quasi-public industries listed in the Act.²⁴ And to the extent Mr. Bamat suggests that assistance is extended to Hawbaker as a whole, "[i]t is not enough ... to show that a person has been discriminated against by a recipient of federal funds. Plaintiff must also show that she was subject to discrimination under the program or activity for which those funds were received."²⁵ Mr. Bamat has alleged no facts whatsoever regarding the scope, purpose, extent, or place of performance of any of the alleged sources of federal funding.²⁶

Second, although Mr. Bamat's complaint alleges that Hawbaker receives federal financial assistance because Hawbaker is "a government contractor and a recipient of state and federal funding,"²⁷ federal financial assistance means "any grant, loan, contract (*other than a procurement contract* or a contract of insurance or guaranty)."²⁸ In sum, the lack of factual allegations in Mr. Bamat's complaint

---

²³ 29 U.S.C. § 794(b)(3)(A)(i).

²⁴ 29 U.S.C. § 794(b)(3)(A)(ii).

²⁵ *Bachman v. Am. Soc. of Clinical Pathologists,* 577 F.Supp. 1257, 1264 (D.N.J. 1983).

²⁶ *Dana,* 2015 WL 5576880, at *14; *see also Phillips v. Goldsteins', Rosenbergs', Raphael–Sachs, Inc.,* No. CIV.A. 12–3833, 2013 WL 6506170 (E.D.Pa. Dec. 10, 2013); *Schrader v. Gulf Oil,* No. CIV. A. 93–6794, 1994 WL 672640, at *1 (E.D.Pa. Nov. 28, 1994), *aff'd sub nom. Schrader v. Gulf Oil & /or its Successor in Interest, Chevron USA,* 65 F.3d 163 (3d Cir. 1995).

²⁷ Complaint (ECF No. 1-1) at ¶ 10, 31.

²⁸ 45 C.F.R. § 84.3(h) (emphasis added).

would not permit a jury to infer that Hawbaker falls within any of the conditions that allow § 504 to reach private corporations.

To the extent Mr. Bamat seeks leave to amend so that he may conduct discovery to cure defects in his Rehabilitation Act claim,[29] the Court finds such relief would be futile as the limited factual allegations Mr. Bamat has put forth fail "to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[30] Accordingly, Mr. Bamat's request for leave to amend or otherwise to obtain discovery will be denied, and judgment is entered in Hawbaker's favor on Count III of the original complaint.[31]

## III. CONCLUSION

For the reasons discussed above, Hawbaker's partial motion for judgment on the pleadings will be granted. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[29] Brief in Opposition (ECF No. 19) at 14.

[30] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

[31] *See Sos v. Mack Trucks, Inc.,* Civ. A. No. 90-4824, 1991 WL 64596, at *5 (E.D.Pa. Apr. 23, 1991) (finding that because "the plaintiff has offered no evidence that [defendant] has any links with federal funding which would bring it within the scope of the Act ... to put off the resolution of this case for more fishing expeditions by the plaintiff would serve no purpose"), *aff'd,* 950 F.2d 723 (3d Cir. 1991).