# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN BAMAT, | No. 4:18-CV-01898 |
| Plaintiff, | (Judge Brann) |
| v. | |
| GLENN O. HAWBAKER, INC., | |
| Defendant. | |

# ORDER

**JULY 26, 2019**

Defendant Glenn O. Hawbaker, Inc. ("Hawbaker") has moved to partially dismiss Plaintiff Jonathan Bamat's second amended complaint. For the following reasons, Hawbaker's motion will be granted in part.

## I.     BACKGROUND

This case arises from Mr. Bamat's relationship with his former employer, Hawbaker. Mr. Bamat's original complaint and amended complaint alleged two claims under Pennsylvania law—a wrongful discharge claim under a theory of workers' compensation retaliation and an invasion of privacy claim, as well as discrimination and retaliation claims under the Rehabilitation Act ("RA") and the Americans with Disabilities Act ("ADA").[1] Hawbaker moved for partial judgment

---

[1] Complaint (ECF No. 1-1); Amended Complaint (ECF No. 13).

on the pleadings,[2] which this Court granted,[3] leaving only Mr. Bamat's discrimination claim under the ADA (Count I of his amended complaint) actionable.

Mr. Bamat then filed a motion for reconsideration asking this Court to reconsider its dismissal of Mr. Bamat's workers' compensation retaliation claim,[4] or alternatively, for leave to file a second amended complaint to state his workers' compensation retaliation claim.[5] The Court granted Mr. Bamat's motion for leave to file a second amended complaint.[6] Mr. Bamat filed his second amended complaint,[7] and Hawbaker presently moves to dismiss the workers' compensation retaliation claim.[8]

## II. DISCUSSION

### A. Mr. Bamat's Workers' Compensation Retaliation Claim Must Be Dismissed.

Hawbaker argues that Mr. Bamat has failed to plead his workers' compensation retaliation claim because he has not alleged facts that Mr. Bamat

---

[2] Motion for Judgment on the Pleadings (ECF No. 17).

[3] Memorandum Opinion (ECF No. 23); Order (ECF No. 24).

[4] Motion for Reconsideration (ECF No. 26).

[5] Motion for Reconsideration (ECF No. 26); Brief in Support (ECF No. 27) at 5-6.

[6] Order (ECF No. 31).

[7] Second Amended Complaint (ECF No. 32).

[8] Partial Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 33).

expressed to Hawbaker a specific intent to file a workers' compensation claim.[9] This Court agrees.

As this Court has previously explained to Mr. Bamat,[10] to sustain a claim for wrongful discharge under a theory of workers' compensation retaliation, Mr. Bamat must allege, *inter alia*, facts that he "expressed a specific intent to seek workers' compensation benefits. Simply reporting the work related injury is not enough."[11]

Here, Mr. Bamat's second amended complaint again fails to allege that he expressed a specific intent to seek workers' compensation benefits. Although Mr. Bamat explains that he reported his work-related injury to the workers' compensation triage nurse,[12] nowhere in the second amended complaint does Mr. Bamat allege that he told or otherwise expressed to anyone at Hawbaker that he specifically intended to file a workers' compensation claim.

---

[9]  *Id.;* Brief in Support (ECF No. 34) at 5-7.

[10]  Memorandum Opinion (ECF No. 23) at 4.

[11]  *Id.*; Opinion and Order (ECF No. 31) at 3-5; *see also Runion v. Equip. Transp. Corp.,* No. 1:15-cv-2159, 2017 WL 3839917, at *4 (M.D. Pa. Sept. 1, 2017) (setting forth three elements of workers' compensation retaliation claim); *Smith v. R.R. Donnelley and Sons Co.*, No. 10-1417, 2011 WL 4346340, at *6 (E.D.Pa. Sept. 16, 2011) ("To be clear, the Court reiterates that it is not merely the employer's awareness of the work-related injury that evidences the plaintiff engaged in protected activity. Rather, it is the reporting of the work-related injury in conjunction with the employee's expression of intent to file a workers compensation claim that is enough to trigger the protection afforded by the Act.").

[12]  Second Amended Complaint (ECF No. 32) at ¶ 11.

To the contrary, Mr. Bamat appears to contend that he need not allege such facts.[13] According to Mr. Bamat, because Hawbaker believed that Mr. Bamat intended to seek workers' compensation benefits, Mr. Bamat has stated a wrongful discharge claim under a so-called "perception theory" of workers' compensation retaliation.[14]

Although the United States Court of Appeals for the Third Circuit has recognized this perception theory in the context of retaliation claims alleged under the ADA, the Age Discrimination in Employment Act (ADEA), and the Pennsylvania Human Relations Act (PHRA), concluding that a plaintiff may support a retaliation claim with facts that his employer perceived the plaintiff had engaged in protected activity,[15] Mr. Bamat adduces no authority—and this Court could locate none—where a plaintiff sustained a claim arising under Pennsylvania law for workers' compensation retaliation without expressing to his employer his intent to file a workers' compensation claim.

---

[13] *See* Brief in Opposition (ECF No. 35) at 5 ("The 'perception theory' of retaliation provides Plaintiff with a viable claim of workers' compensation retaliation, irrespective of Plaintiff's expression of intent to seek workers' compensation benefits because Defendant perceived that Plaintiff intended to seek workers' compensation benefits."); Second Amended Complaint (ECF No. 32) at ¶ 11 ("Glenn O. Hawbaker, Inc. clearly believed that Mr. Bamat intended to file a workers' compensation claim," and "Glenn O. Hawbaker, Inc. regarded Mr. Bamat as an employee who intended to, or was in fact scheming to obtain workers compensation benefits."); *Id*. at ¶ 26 ("Defendant fired Plaintiff because he sustained a reported work-related injury and Defendant believed he intended to file a workers' compensation claim and/or was scheming for worker's compensation.").

[14] Brief in Opposition (ECF No. 35) at 6-11.

[15] *Fogelman v. Mercy Hosp., Inc.*, 283 F.3d 561, 571-72 (3d Cir. 2002).

In fact, it appears that Mr. Bamat's perception theory is undermined by Pennsylvania courts' repeated characterization of workers' compensation retaliation claims as a narrow exception to the Commonwealth's employment at-will doctrine.[16] Under Pennsylvania law, the non-contractual relationship between employers and employees is typically one of an at-will nature, and the Pennsylvania Supreme Court has explained that the presumption of such an at-will relationship is "an extremely strong one."[17] Consequently, "[a]n employee will be entitled to bring a cause of action for a termination of that relationship only in the most limited of circumstances."[18]

In *Shick v. Shirey*, the Pennsylvania Supreme Court identified conduct falling within those limited circumstances and held that a plaintiff may sustain a wrongful discharge claim when he alleges that he was terminated after *filing* a workers' compensation claim.[19] Although courts interpreting *Shick* have allowed plaintiffs to seek redress for workers' compensation retaliation without actually filing a workers' compensation claim, those courts have nevertheless kept the focus on what the plaintiff did to engage in protected activity. That is, if a plaintiff

---

[16] *See McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000) (explaining that exceptions to the at-will employment rule apply in "only the narrowest of circumstances).

[17] *Id.*

[18] *Id*.

[19] *See Shick v. Shirey,* 716 A.2d 1232, 1232 (Pa.1998) ("[A]n at-will employee who alleges retaliatory discharge for the filing of a workers' compensation claim has stated a cause of action for which relief may be granted under the law of this Commonwealth.") (emphasis added).

alleges that he was fired for seeking workers' compensation benefits but never actually filed a claim, it is still the plaintiff who must (1) report the work-related injury; and (2) express to his employer his intent to file a workers' compensation claim.[20] Again, Mr. Bamat adduces no authority where a plaintiff sustained a workers' compensation retaliation claim by relying on facts as to what his employer believed, rather than stating facts as to what the plaintiff expressed. Thus, to the extent Mr. Bamat attempts to expand what amounts to protected activity actionable under a theory of workers' compensation retaliation, that effort is not countenanced by Pennsylvania courts.

The three cases cited by Mr. Bamat only confirm the requirement that a plaintiff must express intent to file a worker's compensation claim—and highlight Mr. Bamat's failure to meet it. First, in *Worthington v. Chester Downs & Marina, LLC*,[21] the plaintiff plead in his complaint that "he had notified [his employer] that his injury was work related *and expressed his intent to file a claim for workers' compensation benefits*."[22] Consequently, the court denied the defendant's motion to dismiss the plaintiff's workers' compensation retaliation claim. Here, Mr. Bamat's second amended complaint contains no such averment as to whether Mr.

---

[20] *See Runion v. Equip. Transp. Corp.,* No. 1:15-cv-2159, 2017 WL 3839917, at *4 (M.D. Pa. Sept. 1, 2017); *Smith v. R.R. Donnelley and Sons Co.*, No. 10-1417, 2011 WL 4346340, at *6 (E.D.Pa. Sept. 16, 2011).

[21] No. 2:17-cv-1360, 2017 WL 3457031 (E.D. Pa. Aug. 2017).

[22] First Amended Complaint and Jury Demand, *Worthington v. Chester Downs & Marina, LLC*, 2:17-cv-1360 (E.D.Pa. June 7, 2017) (emphasis added).

Bamat's expressed to Hawbaker his intent to file a workers' compensation claim. Accordingly, *Worthington* does not support Mr. Bamat's argument.

Second, in *Larochelle v. Wilmac Corporation*,[23] the Third Circuit affirmed the award of summary judgment in an employer's favor because the plaintiff "presented no evidence that she notified [d]efendants of an intent to file a workers' compensation claim."[24] The court reasoned that assuming the plaintiff "reported her injury to the proper supervisor, the mere fact that she filled out an incident report stating she fell at work does not mean that she expressed to [d]efendants her intent to file a workers' compensation claim."[25] Here, Mr. Bamat's second amended complaint alleges that Mr. Bamat reported his insect bite as a work-related injury, an injury report was created, and he told his supervisor that "he should be compensated for the insect bite."[26] Again, nowhere in the second amended complained does Mr. Bamat state that he expressed his intent to file a workers' compensation claim. Accordingly, *Larochelle* does not support Mr. Bamat's argument.

Third, in *Smith v. R.R. Donnelley and Sons Co.*,[27] the court explained that "the mere *possibility* of employer liability … and the mere *awareness* of a work-

---

[23] 769 Fed.Appx. 57, 63 (3d Cir. 2019).
[24] *Id.*
[25] *Id.*
[26] Second Amended Complaint (ECF No. 32) at ¶ 11, 13.
[27] No. 10-1417, 2011 WL 4346340 (E.D.Pa. Sept. 16, 2011).

related injury are insufficient grounds upon which to base a finding of engagement in protected activity."[28] The *Smith* court that made clear that a plaintiff must (1) report the work-related injury; and (2) express to his employer his intent to file a workers' compensation claim.[29] Here, even if Hawbaker believed that Mr. Bamat intended to file a workers' compensation claim and was aware of his injury, that does not absolve Mr. Bamat from the requirement that he express to Hawbaker his intent to file a worker's compensation claim. Accordingly, *Smith* does not support Mr. Bamat's argument.

In sum, this Court cannot conclude that a wrongful discharge claim based on a theory of workers' compensation retaliation can be premised only on facts as to what Hawbaker believed; Mr. Bamat should have alleged facts as to what as to what Mr. Bamat said or expressed to Hawbaker about his specific intent to file a workers compensation claim.[30] It is the absence of those facts that doomed Mr.

---

[28] *Id.* at 6.

[29] *Id.* at *6.

[30] *See id.* at *6 (E.D.Pa. Sep. 16, 2011) (explaining that "it is the reporting of the work-related injury in conjunction with the employee's expression of intent to file a workers compensation claim that is enough to trigger" a wrongful discharge claim premised on workers' compensation retaliation); *see also Larochelle v. Wilmac Corporation*, No. 17-3349, 2019 WL 1769077, at * 5 (3d Cir. 2019) (affirming district court's grant of summary judgment and concluding "[a]ssuming Shearer reported her injury to the proper supervisor, the mere fact that she filled out an incident report stating she fell at work does not mean that she expressed to Defendants her intent to file a workers' compensation claim"). *Compare Worthington v. Chester Downs and Marina*, LLC, No. 17-1360, 2017 WL 3457031, at *7 (E.D.Pa. Aug. 2017) (permitting wrongful discharge claim to survive motion to dismiss when plaintiff's complaint stated that he had "expressed to [various human resources personnel] his intent to file a claim for workers' compensation benefits"), *with Worthington v. Chester Downs and Marina*, LLC, No. 17-1360, 2018 WL 6737447, at *9 (E.D. Pa. Dec. 21, 2018) (granting

Bamat's original complaint and first amended complaint, and that problem has not been cured by his second amended complaint. Accordingly, because Mr. Bamat's second amended complaint does not contain any allegations that Mr. Bamat expressed a specific intent to file a workers' compensation claim, his wrongful discharge claim based on a theory of workers compensation retaliation must be dismissed for failure to state a claim.

### B. Mr. Bamat's Request for Leave to File a Third Amended Complaint Is Granted.

Mr. Bamat seeks leave to file a third amended complaint that now alleges, *inter alia*, that Mr. Bamat did mention to one of his supervisors that he "intended to seek workers' compensation benefits related to the insect bite."[31]

Here, as Hawbaker avers, it is not lost on the Court that the appearance of this new fact appears to contravene Mr. Bamat's prior representations in this case.[32] That is, Mr. Bamat has repeatedly argued to the Court that he did not have to express his intent to seek workers' compensation benefits to sustain a workers' compensation retaliation claim.[33] Now, Mr. Bamat says that "[p]laintiff testified

---

summary judgment to defendants on wrongful discharge claim because plaintiff had adduced insufficient evidence that he in fact expressed an intent to file a workers compensation claim before his employment was terminated).

[31] Proposed Third Amended Complaint (ECF No. 35-4) at ¶ 13; *see also id.* at ¶¶ 24, 26.

[32] Reply Brief (ECF No. 37) at 7-8.

[33] *See* Brief in Opposition to Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 19) at 7-10 ("Hawbaker claims that it should get off scot free because it fired the plaintiff

that he told [his supervisor] on the day he reported his work-related injury that he intended to seek workers' compensation benefits for his injury. Plaintiffs deposition testimony specifically recounted the details of the conversation with [his supervisor] in greater detail than the facts alleged in the Second Amended Complaint."[34]

Curious as these circumstances may be, Hawbaker stops short, however, of accusing Mr. Bamat of acting in bad faith.[35] Thus, inferring in Mr. Bamat's favor that he has not so acted, and balancing Rule 15's mandate that courts must "freely give leave when justice so requires"[36] with the Court's discretionary power to grant leave to amend,[37] the Court will grant Mr. Bamat's motion for leave to file a third amended complaint.

---

before he could express an intention to file a workers' compensation claim…. Simply put, plaintiff did not need to stand on the steps of Hawbaker's offices and declare his intention to file a workers' compensation claim, because he had already begun the process."); Brief in Support of Motion for Reconsideration (ECF No. 27) at 12 ("… there is ample evidence that Glenn O. Hawbaker, Inc. was aware of Plaintiffs reported work-related injury and that its management believed Plaintiff intended to file a workers' compensation claim; the EEO Officer's notes characterizing Plaintiff as "scheming for compensation").

[34] Brief in Opposition (ECF No. 35) at 11-12.

[35] *See Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000) (explaining that a district court may deny leave to amend a complaint where "the moving party has demonstrated undue delay, bad faith or dilatory motives).

[36] Fed. R. Civ. P. 15(a)(2).

[37] *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993) (citation omitted).

### III. DISPOSITION

Therefore, **IT IS HEREBY ORDERED** that:

1. Defendant's Partial Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED**.

2. Plaintiff's Request for Leave to File a Third Amended Complaint is **GRANTED** and Plaintiff may, within seven (7) days of the date of this Order, file the proposed third amended complaint.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge